# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DEBORAH E. GARRETT** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil No. 2:07-00076 |
| ) | |
| **MICHAEL J. ASTRUE,** ) | Senior Judge Nixon |
| Commissioner of Social Security, ) | Magistrate Judge Brown |
| ) | |
| *Defendant.* ) | |

## ORDER

Pending before the Court is Plaintiff Deborah E. Garrett's Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 17), Plaintiff's Brief in Support (Doc. No. 18), and Defendant's Response (Doc. No. 21). Magistrate Judge Brown has issued a Report and Recommendation ("Report") (Doc. No. 22) recommending that Plaintiff's Motion be denied. Subsequently, Plaintiff filed timely objections (Doc. No. 23). Upon review of the Magistrate Judge's Report and for the reasons discussed herein, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion.

I. BACKGROUND

   A.   *Procedural Background*

Deborah E. Garrett ("Plaintiff") filed a claim for Disability Insurance Benefits ("DIB") with the Social Security Administration ("SSA") on July 1, 2004. (Tr. 48-50). Plaintiff alleged that she became disabled on April 16, 2004 due to chronic back pain. (Tr. 53). The SSA denied

-1-

the disability claim on August 31, 2004. (Tr. 39-40). Subsequently, Plaintiff filed a request for reconsideration on September 27, 2004 (Tr. 41-42) and the SSA denied the claim on November 16, 2004 (Tr. 43-44).

Plaintiff then requested a <u>de novo</u> hearing before an Administrative Law Judge ("ALJ"). (Tr. 34). The ALJ held a hearing on June 21, 2006. (Tr. 26-30). The ALJ issued a written decision, denying disability benefits, on September 14, 2006. (Tr. 15-23). The SSA's Appeals Council denied Plaintiff's request to review the ALJ's decision on December 18, 2006. (Tr. 5-8). Therefore, the ALJ's ruling became the Commissioner's final decision. <u>See</u> 20 C.F.R. §§ 404.981, 416.1481.

On October 31, 2007, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Doc. No. 1). The Court has jurisdiction under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). On December 10, 2008, Magistrate Judge Brown recommended that Plaintiff's Motion be denied. (Doc. No. 22).

Plaintiff asserts one objection to the Magistrate Judge's Report. (Doc. No. 23). Specifically, Plaintiff argues that the ALJ erred in finding Plaintiff able to perform "light work" despite allegations of chronic back pain. The Court discusses the merits of Plaintiff's objection. (<u>Id.</u>).

### B. Factual Background

The Court adopts the background section of the Magistrate's Report. (Doc. No. 22, at 3-7).

Case 2:07-cv-00076   Document 24   Filed 07/02/09   Page 2 of 5 PageID #: 68

## II. STANDARD OF REVIEW

The Court's review of Plaintiff's objection to the Report is de novo. 28 U.S.C. § 636(b) (2009). The purpose of the de novo standard of review is (1) to determine whether substantial evidence supports the Commissioner's findings and (2) to examine the record for any legal errors. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). According to Title II of the Social Security Act, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The reviewing court must uphold the Commissioner's findings if it is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Substantial evidence is quantified as "more than a mere scintilla of evidence, but less than a preponderance. Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 245 (6th Cir. 1996) (citing Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 216 (1938)). It is commonly "defined as such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." (Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389 (6th Cir. 1999) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Judicial review in disability cases does not involve credibility determinations or resolving conflicts in evidence. Her, 203 F.3d at 389 (citing Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972)). Even if substantial evidence supports a conclusion different from the Commissioner's, "the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." Her, 203 F.3d at 389-90 (6th Cir. 1999) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

Case 2:07-cv-00076   Document 24   Filed 07/02/09   Page 3 of 5 PageID #: 69

### III. PLAINTIFF OBJECTS TO THE ALJ'S FINDING THAT PLAINTIFF IS ABLE TO PERFORM "LIGHT WORK," SUCH AS HER PRIOR EMPLOYMENT AS A SEWING MACHINE OPERATOR.

Plaintiff asserts that the ALJ erred in finding Plaintiff able to perform "light work" and able to return to her prior job as a sewing machine operator. (Doc. No. 23, at 1). Specifically, Plaintiff argues that Dr. Michael Cox gave an accurate assessment of Plaintiff's extremely limited physical capabilities. (Id.). Dr. Cox, Plaintiff's examining physician, opined that Plaintiff can only occasionally lift ten pounds and frequently lift less than five pounds. (Tr. 299). He also found that Plaintiff can only sit for about four hours and stand for less than two hours in an eight-hour workday. (Tr. 299). In addition, Dr. Cox estimated that Plaintiff would miss more than four days a month due to her physical impairments. (Tr. 300). Plaintiff argues that Dr. Cox's medical opinions are consistent with her allegations of pain because she is unable to dress herself without losing balance and is unable to sit and stand without experiencing numbness in her legs. (Tr. 322). She also alleges that she must sit to wash dishes. (Tr. 323).

Plaintiff's argument fails because Dr. Cox's assessment is inconsistent with other medical evidence in the record as well as Plaintiff's testimony of her daily activities. Dr. Cox found that Plaintiff would be restricted in her ability to stand, sit, walk, and lift during an eight-hour workday. (Tr. 299-304). However, Plaintiff's myelogram showed that "no disc extrusion or nerve root impingement" existed that would explain her subjective complaints of extreme back pain. (Tr. 186). In fact, Dr. Leonardo Rodriquez-Cruz, an examining physician, found that "most of [Plaintiff's] problem[s are] from her obesity [and work as a band saw operator]. . . . [S]he does not have [any condition] that I can assist with surgically." (Id.).

Although the Court recognizes Plaintiff's congenital lumbar stenosis (Tr. 188), that

diagnosis is not dispositive as to her ability to perform light work. A "mere diagnosis . . . says nothing about the severity of the condition." (Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (citing Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988) (noting that the claimant has the burden on proving the severity of the ailment)). Plaintiff testified that, despite her physical impairments, she is still able to lift twenty to thirty pounds (Tr. 323), prepare meals (Tr. 64), drive a stick-shift truck (Tr. 316), care for her dogs (Tr. 66), and play video games with her grandson (Tr. 142). Therefore, substantial evidence from the record supports the ALJ's finding that Plaintiff is able to perform light work and return to her prior light exertion occupation as a sewing machine operator.

IV. CONCLUSION

The Court does not find merit in Plaintiff's argument because substantial evidence exists in the record to support the ALJ's decision. Therefore, Plaintiff's Motion is **DENIED** and the Court **ADOPTS** the Magistrate Judge's Report in its entirety. This Order terminates this Court's jurisdiction over the above-styled action and the case is **DISMISSED**.

It is so ORDERED.
Entered this the ___2nd___ day of July, 2009.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT